<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4742**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RASHAD SALEEM MUHAMMAD,

        Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:08-cr-01237-PMD-1)

Argued:  September 21, 2012      Decided:  November 30, 2012

Before SHEDD, KEENAN, and THACKER, Circuit Judges.

Affirmed in part and remanded by unpublished per curiam opinion.

**ARGUED:** Russell Warren Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant.  Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.  **ON BRIEF:** William N. Nettles, United States Attorney, Columbia, South Carolina, Nathan S. Williams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

During Rashad Saleem Muhammad's criminal trial, the government produced for the first time a statement made by co-defendant Damon Milford in March 2010 that tended to exculpate Muhammad. Relying on the parties' agreement that the statement created a problem under Bruton v. United States, 391 U.S. 123 (1968), the district court granted a mistrial without Muhammad's consent. The court later denied Muhammad's motion to dismiss the indictment on double jeopardy grounds, reasoning that the mistrial was manifestly necessary because there were no viable alternatives. See Oregon v. Kennedy, 456 U.S. 667, 672 (1982) (manifest necessity standard applies to double jeopardy determination when mistrial was declared without consent). Muhammad now appeals the denial of the motion to dismiss.

In Bruton, the Court "held that, in certain circumstances, admission of a non-testifying co-defendant's confession that inculpates the defendant violates the Sixth Amendment's Confrontation Clause because the defendant has no opportunity for cross-examination." United States v. Lighty, 616 F.3d 321, 376 (4th Cir. 2010) (emphasis added). Thus, "[u]nless the prosecutor wishes to hold separate trials or to use separate juries or to abandon use of the confession, he must redact the confession to reduce significantly or to eliminate the special

2

prejudice that the <u>Bruton</u> Court found." <u>Gray v. Maryland</u>, 523 U.S. 185, 192 (1998).

At trial, the parties and the district court did not discuss <u>Bruton</u> in detail. Muhammad appears to have been the first party to raise <u>Bruton</u>, <u>see</u> J.A. 493, and he clearly asserted <u>Bruton</u> as his basis for seeking a dismissal of the indictment with prejudice, <u>see</u> J.A. 506. For its part, the government acknowledged that Milford's March 2010 statement "certainly creates implications about <u>Bruton</u>," J.A. 513-14, and for this reason it conceded that a mistrial was appropriate and consented to a mistrial, J.A. 515-16. In the order denying the motion to dismiss, the court stated: "The government and Defendants agreed that the statement allegedly made by Defendant Damon Milford and summarized in the documents produced once the trial had begun created a constitutional problem based upon <u>Bruton</u>." J.A. 592.

A district court has broad discretion in determining whether manifest necessity requires declaration of a mistrial, and we review that court's invocation of the manifest necessity doctrine and concomitant denial of a motion to dismiss an indictment for abuse of this discretion. <u>United States v. Sloan</u>, 36 F.3d 386, 393 (4th Cir. 1994). Unquestionably, the district court's mistrial declaration was prompted by the parties' arguments that Milford's March 2010 statement creates a <u>Bruton</u>

3

problem. However, because Milford's March 2010 statement tends to exculpate, rather than inculpate, Muhammad, it actually does not create a Bruton problem. Despite their contrary arguments below, the parties agreed with this assessment at oral argument.[1]

In light of the parties' changed positions concerning Bruton, we believe the prudent course is to remand this case to the district court for reconsideration of the motion to dismiss. See generally In re Matthews, 395 F.3d 477, 483 (4th Cir. 2005) (remanding case for district court consideration of issue first raised on appeal). On remand, the district court should reevaluate whether manifest necessity existed to declare the mistrial, bearing in mind that the government "must shoulder the [heavy] burden of justifying the mistrial . . . to avoid the double jeopardy bar." Arizona v. Washington, 434 U.S. 497, 505 (1978).[2]

AFFIRMED IN PART AND REMANDED

---

[1]When trial began, Muhammad knew that Milford had given a statement to law enforcement on August 21, 2008. Milford's August 2008 statement is contrary to his March 2010 statement in that it tends to inculpate Muhammad. Although not addressed below, the August 2008 statement may lead to a Bruton problem if the government attempted to introduce it at trial. That potential problem, if it exists at all, is independent of the government's untimely disclosure of the March 2010 statement.

[2]On appeal, Muhammad challenges the district court's finding that the government did not commit intentional misconduct. We discern no clear error in this finding. Therefore, we affirm the court's order denying the motion to dismiss to this extent.

4